IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>G.D. LEWIS, et al.,<br><br>   Defendants. | No. C 10-4833 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

**INTRODUCTION**

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days. Plaintiff's request for a temporary restraining order ("TRO") is DENIED.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Discussion

The complaint contains a number of improperly joined claims. Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). The complaint names 15 defendants and includes a considerable number of un-named defendants. Plaintiff includes claims that certain defendants are not

2

providing sufficient heat in the cells, in violation of the Eighth Amendment, that other defendants are interfering with his mail, in violation of the First Amendment, and that other defendants are depriving him of his personal property, in violation of due process. As alleged, these claims did not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Accordingly, the Court finds the claims and defendants improperly joined. Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court now dismisses the amended complaint with leave to file an amended complaint. *See* Fed. R. Civ. P. 21.

The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not then this action will be dismissed. Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

III.    Request for Temporary Restraining Order

Plaintiff has filed a request for a TRO. Plaintiff has not given notice to defendants' or their attorney of this request. A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons

3

supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b). Plaintiff has not made the first showing, nor has he included requisite certification required by Rule 65(b).  Accordingly, the request will be denied.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint within *thirty (30) days from the date of this order*. The amendment must include the caption and civil case number used in this order and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. As Plaintiff's claims are within his personal knowledge, and in light of both his prior opportunity to amend and the age of this case, only a minor extension of this deadline will be considered and will only be granted upon a showing by Plaintiff of good cause.

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

4. Plaintiff's request for a TRO is DENIED.

IT IS SO ORDERED.

DATED: <u>February 8, 2011</u>

<u>/s/ Jeffrey S. White</u>
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

        Plaintiff,

  v.

G.D. LEWIS et al,

        Defendant.

Case Number: CV10-04833 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sergio Alvarez K42605
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500

Dated: February 8, 2011

                                    Richard W. Wieking, Clerk
                                    By: Jennifer Ottolini, Deputy Clerk